902 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward E. CLAYTON, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 89-3440.
 United States Court of Appeals, Federal Circuit.
 April 11, 1990.
 
 Before NEWMAN and PLAGER, Circuit Judges, and SHARP, District Judge.*
 DECISION
 NEWMAN, Circuit Judge.
 Edward E. Clayton appeals the decision of the Merit Systems Protection Board (MSPB), Docket No. SL34438910259, dismissing for lack of jurisdiction his appeal of the Bureau of Prisons' rejection of his employment application. We affirm, and transfer the appeal to the Office of Personnel Management.
 OPINION
 OPM rendered a suitability determination with a favorable eligibility rating on Mr. Clayton's application for employment as a correctional officer with the Federal Bureau of Prisons.
 Thereafter, a panel at the Federal Correction Institute in Memphis, Tennessee conducted a pre-employment interview and determined that Mr. Clayton lacked qualification for employment as a correctional officer because he had defaulted on a student loan and had an automobile repossessed. The Examining Unit of the Department of Justice sustained the objection and cancelled Mr. Clayton's eligibility, informing him that he was not eligible to reapply.
 
 
 1
 The issue before us stems from Mr. Clayton's inability to obtain review of this action, each agency he contacted apparently having referred him elsewhere. Of particular significance is the fact that the letter of October 15, 1986 informing Mr. Clayton of the cancellation of his eligibility did not mention any appeal or reconsideration rights, contrary to the specific requirement of Chapter 337 of the FPM. Chapter 337 at 2-7(b) states that "Applicants who express dissatisfaction with an examining decision are to be advised of the following reconsideration procedure." Nothing in the record before us shows that Mr. Clayton was so informed, or that his subsequent inquiries were adequately addressed. In addition, 5 C.F.R. Sec. 300.104(b) states that:
 
 
 2
 (b) Examination Ratings. A candidate may file an appeal with the Office [OPM] from his examination rating or the rejection of his application, except that, where the Office has delegated examining authority to an agency, the candidate should appeal directly to that agency. The appeal shall be filed and processed in accordance with instructions in Chapter 337 of the Federal Personnel Manual.
 
 
 3
 The administrative judge found, and the government stresses in its brief on this appeal, that there was no evidence of any delegation of examining authority by OPM.
 
 
 4
 Mr. Clayton did write to OPM, however, regarding the cancellation of his eligibility and received a reply dated Dec. 9, 1987, which stated:
 
 
 5
 This objection was based on your qualifications for the position and was therefore sustained by the Department of Justice Examining Unit. The objection was not referred into this office for a suitability adjudication.
 
 
 6
 It is suggested that you contact the Department of Justice to determine what recourse you may have with regard to their determination.
 
 
 7
 OPM had made an initial suitability determination, and the regulations provide for an appeal to the MSPB from an adverse suitability determination. 5 C.F.R. Sec. 731.401(a). The Department of Justice did not state what review, if any, it gave to the rejection.
 
 
 8
 Mr. Clayton petitioned the MSPB to restore his eligibility for employment as a federal correctional officer, stating that the reasons for rejection of his application were inadequate. The MSPB held that the matter was not appealable to it, citing 5 C.F.R. Secs. 1201.115; 1201.113(b); and 731.401(a) and Vislisel v. Office of Personnel Management, 29 MSPR 679, 681-82, aff'd, 802 F.2d 472 (Fed.Cir. Sept. 11, 1986) (table). In Vislisel the MSPB held that there is no statutory or regulatory provision for appeal of an OPM-sustained objection by the agency under 5 C.F.R. Sec. 332.401, et seq. In Mr. Clayton's case, however, OPM did not sustain the objection, but instead declined to review it, opining that Mr. Clayton should contact the Department of Justice.
 
 
 9
 The Department of Justice now states that Mr. Clayton may appeal the rejection of his application directly to the "examining authority", citing Chapter 337 of the Federal Personnel Manual. The government does not identify the "examining authority" to which Mr. Clayton should direct his appeal. However, in discussing the proper path of review, the administrative judge stated:
 
 
 10
 Pursuant to 5 C.F.R. Sec. 300.104(b), an individual whose application is rejected by an agency may file an appeal directly with OPM itself under Chapter 337 of the Federal Personnel Manual (FPM).
 
 
 11
 Slip op. at 2 n. 2. The government does not challenge this statement. Therefore, we adopt the position of the administrative judge, affirm the decision of the MSPB that it lacked jurisdiction over Mr. Clayton's appeal, and remand with instructions that the appeal be transferred to OPM pursuant to Chapter 337.
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 Mr. Clayton's motion to file his appendix out of time is granted.
 
 
 15
 Costs to Mr. Clayton.
 
 
 
 *
 The Honorable Allen Sharp, United States District Court for the Northern District of Indiana, sitting by designation pursuant to 28 U.S.C. Sec. 293(a)